UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RHONDA HENDRIX, parent and guardian of
GATLIN PERRYMAN, a minor child,

    Plaintiffs,

vs.                                               Case No. 3:07-CV-00133-MCR-EMT

EVENFLO COMPANY, INC.,

    Defendants.
_____/

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE ANY TESTIMONY OR EVIDENCE PERTAINING TO A LOCATION OF THE RIGHT FRONT PASSENGER SEAT OF THE HENDRIX EXPEDITION IN ANY <u>POSITION OTHER THAN FULL AFT AND MEMORANDUM IN SUPPORT</u>**

    Plaintiffs anticipate that Evenflo's "experts" will attempt to argue that the right front passenger seat of the Hendrix Expedition was located at, or near, the full forward position at the time of the accident. This testimony is of critical importance to Evenflo because it is a necessary underlying assumption of Dr. Van Arsdell's testing. Apparently, Dr. Van Arsdell could not even get the airbag to hit the CSS without rigging the location of the front passenger seat to a forward location despite the directly contrary and undisputed evidence in the case that the seat was adjusted fully aft. The placement of the front passenger seat of the Ford Expedition in any position other than full aft (or rear) is contrary to unrefuted photographic evidence and the testimony of multiple fact witnesses. Plaintiffs offer the following memorandum in support of their motion.

    Robert Perryman, Gatlin's paternal grandfather, testified that he rode in the right front passenger seat **on the day before the accident** and that the seat "would have been really far back for me," due to his size which caused him to adjust his seat far rearward in vehicles. (Robert

Perryman's deposition, attached as *Exhibit 1*, pg. 45, L 25 – pg. 46, L. 6).  Mr. Perryman testified that he is approximately five feet nine inches tall and that, at the time of the accident, weighed between 280 and 300 pounds.  (*Id.*, pg. 17, L. 24 – pg. 18, L. 12).  There has been no testimony that the right front passenger seat was moved from this "really far back position" prior to the accident. Therefore, the **unrefuted** testimony of Robert Perryman is that the passenger seat was "really far back" on the day of the accident.

Photographic evidence quantifies the location of the seat and confirms Robert Perryman's testimony regarding the right front passenger seat placement at the time of the accident.  On the morning after the accident, Dr. Hendrix took photographs of the interior of the SUV that accurately reflected the condition of its interior, including the location of the passenger seat.  (Dr. Hendrix's deposition, attached as *Exhibit 2*, pg. 258, L. 18-21; pg. 259, L. 6-9; pg. 364, L. 4-13; Post-accident photos of interior attached as *Exhibit 5*; See *Exhibit 1*, pg. 54, L. 10-17).  These photographs show the seat in the full aft/rear position on its track. (Dr. Benedict's deposition, attached as *Exhibit 3*, pg. 164, L. 7 – pg. 165, L. 21; Dr. Benedict's Supplemental Report, attached as *Exhibit 4*, pg. 10). This objective evidence, coupled with the unrefuted testimony of Robert Perryman explaining **how** and **when** the passenger seat got in that post accident location, conclusively establish that the right front passenger seat was in the full aft position at the time of the accident.

Evenflo will no doubt attempt to misconstrue the testimony of Rhonda Hendrix in an effort to support its fraudulent testing conditions.  Dr. Hendrix testified that because she was shorter than most people, she placed her seat "up" closer to the steering wheel.  (*See Exhibit 2*, pg. 226, L. 8-13).  Dr. Hendrix testified that, at the time of the accident, "[t]he passenger seat was a little bit further back than mine." (*Id.* pg. 226, L. 18-23).  Even if Evenflo could quantify what "a little bit further back" is, Dr. Hendrix's placement of the passenger seat is made in comparison to the

2

driver's seat position – a position which is not established by her testimony. Evenflo never attempted to quantify Dr. Hendrix's seat position within its range of travel, therefore, any reference by Evenflo to alleged inconsistent testimony of Dr. Hendrix's testimony does not create an issue of fact or dispute the unrefuted photographic evidence regarding the right front passenger seat's placement at the time of the accident.

Therefore, the only way that Evenflo can attempt to argue that the seat is through the testimony of its hired experts. However, "[e]xpert testimony is inadmissible if it is speculative, unsupported by sufficient facts, *or contrary to the facts of the case*." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006) (emphasis added) (*citing Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1056-57 (8th Cir. 2000); *Housely v. Ortek Intern., Inc.*, 488 F.Supp.2d 819, 824 (S.D. Iowa 2007); *Solheim Farms, Inc. v. CNH America, LLC*, 503 F.Supp.2d 1146, 1149 (D.Minn. 2007). Because any testimony that the seat was at, or near, the full forward position is unsupported and solely based on speculation, it is not relevant and is not helpful to the jury and any claimed probative value is substantially outweighed by the very real prejudice to plaintiffs and the risk of confusion for the jury and it is therefore, inadmissible. *Fed.R.Evid.* 401, 402 and 403.

WHEREFORE Plaintiffs respectfully seek this Court's ruling *in limine* on the category of evidence listed above finding such evidence inadmissible and precluding the admission of any such evidence at trial as well as prohibiting Evenflo's witnesses and counsel from referring to any such inadmissible evidence.

        WILNER BLOCK, P.A.

        /s/ Norwood S. Wilner_____
        Norwood S. Wilner
        Florida Bar No. 222194
        3127 Atlantic Blvd., Suite 3
        Jacksonville, Florida 32207
        (904) 475-9400
        (904) 391-6895 Facsimile
        Email: nwilner@wilnerblock.com

        and

        DOUTHIT FRETS ROUSE GENTILE
           & RHODES, LLC

        /s/ Evan A. Douthit_____
        Evan A. Douthit (admitted pro hac vice)
        R. Douglas Gentile (admitted pro hac vice)
        Christopher J. Stucky (admitted pro hac vice)
        903 E. 104th Street, Suite 610
        Kansas City, Missouri 64131
        (816)941-7600
        (816) 941-6666 Facsimile
        Email: edouthit@dfrglaw.com
        Email: dgentile@dfrglaw.com
        Email: cstucky@dfrglaw.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 29th day of September, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notification of such filing to the following: Timothy J. McDermott, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; Dan Ball, One Metropolitan Square, 211 North Broadway, Suite 3600, St. Louis, MO 63102; and Rick Frawley, 3500 One Kansas City Place, 1200 Main Street, Kansas City, MO 64105.

        /s/ Evan A. Douthit_____
        Counsel for Plaintiffs