UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RHONDA HENDRIX, parent and guardian of**
**GATLIN PERRYMAN, a minor child,**

      **Plaintiffs,**

v.                                  **Case No. 3:07cv133/MCR/EMT**

**EVENFLO COMPANY, INC., a foreign**
**corporation,**

      **Defendant.**
_____/

## NOTICE

The court is in receipt of a copy of a communication recently sent by the Clerk of Court for the Eleventh Circuit to plaintiff's counsel, in which it advises it is "awaiting district court's ruling on 12/31/2008 view 460 Stipulation of Dismissal of Claim by Rhonda Hendrix." (*See* doc. 476). The parties' joint stipulation of dismissal, however, requires no action by this court. *See* FED. R. CIV. P. 41 (a)(1)(A). Nonetheless, for the benefit of the record, the court offers the following in response to the Clerk's communication.

Plaintiff has filed a notice of appeal from the court's order granting partial summary judgment in favor of defendant on plaintiff's claim for damages associated with her minor son's autism, which plaintiff contends is related to a head injury her son suffered during the automobile accident at issue in this case.[1] The court's order granting partial summary judgment was based on findings made by the court in a separate order entered the same day in which the court ruled that the testimony of plaintiff's medical causation expert on

---

[1] Defendant filed three separate motions: one for summary judgment on liability (doc. 311), which was denied; one for partial summary judgment on compensatory damages (doc. 312), which was granted in part and denied in part; and one for summary judgment on punitive damages (doc. 313), which was denied.

the autism issue was not scientifically reliable and thus inadmissible at trial. Following this order, the plaintiff filed a stipulated dismissal with prejudice - signed by all parties - of plaintiff's claim for damages related to another medical condition allegedly suffered by the child (i.e., syringomyelia), which the plaintiff contends was also caused by the accident. (Doc. 460 - Stipulated Dismissal of Claim). Based on the stipulated dismissal of plaintiff's only remaining damages claim, plaintiff is of the opinion that "judgment in the District Court is now final and fully appealable to the Eleventh Circuit Court of Appeals." (Doc. 462 - Notice of Appeal). Although a decision on appellate jurisdiction is the prerogative of the Court of Appeals, in the view of this court the plaintiff's voluntary action of dismissing with prejudice her remaining damages claim does not convert this court's order granting partial summary judgment on a portion of her damages claim into a final, appealable judgment of this court, even if the action effectively eliminated all issues for trial.

To date, no final judgment has been entered in this case. The court's order granting partial summary judgment in defendant's favor on plaintiff's damages claim related to autism was essentially an effort to narrow the issues for trial and give the parties notice of which issues remained for trial. Alternatively, the court could have denied the motion for partial summary judgment on damages and entertained a pretrial motion in limine or a motion for judgment as a matter of law at trial regarding plaintiff's evidence related to autism. Nonetheless, in this court's opinion, because the court has not fully adjudicated the claims in this case and no final judgment has been entered, the court's order granting partial summary judgment is interlocutory and not subject to review on appeal, absent a final judgment of the court pursuant to Rule 54 of the Federal Rules of Civil Procedure or order under 28 U.S.C. § 1292 (b), neither of which it has been asked to enter.

**ENTERED** this 21st day of January, 2009.

          *s/ M. Casey Rodgers*
          **M. CASEY RODGERS**
          **UNITED STATES DISTRICT JUDGE**

Case No.: 3:07cv133/MCR/EMT